TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone:    415-861-9600
Fax:              415-861-9622
margainlaw@hotmail.com

ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorneys for Plaintiffs

PAUL V. SIMPSON, Bar No. 83878
psimpson@sgilaw.com
TIMOTHY P. O'DONNELL, Bar No. 185492
todonnell@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants Tubular Flow Inc. dba
Preferred Plumbing Inc. and Jeffrey Joel Rodriguez

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| RYAN M. DUNLAP, ET AL<br><br>            Plaintiffs,<br><br>     vs.<br><br><br>TUBULAR FLOW INC., ET AL<br><br>            Defendants | C08-00849 RS<br><br>CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of

{Client Files\31391\1\00090132.DOC}

1                                                                       **C08-00849 RS**

**CASE MANAGEMENT STATEMENT**
Dunlap, et al. v Tubular Flow Inc., et al.

California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

**2.    FACTS**

Plaintiffs assert that he and they were employed to perform on site plumbing work on numerous public works construction projects which are funded in part by public funds of local municipalities or state of California.  While these projects are subject to prevailing wage laws and the corresponding rates of pay, Defendants failed to pay the Plaintiffs the required prevailing wage rate and failed to pay Plaintiffs the required overtime rate for hours worked in excess of 8 hours a day or and 40 hours a week.

Plaintiffs seek unpaid overtime wages, unpaid prevailing wages which also impact the regular rate for overtime work, "waiting time penalties" under California Labor Code § 203 for failure to pay employees all wages due at the time of termination.  Plaintiffs also seek restitution under California Business and Professions Code § 17200.

The principal factual issues in dispute are:

1.    Whether the time records maintained by Defendants accurately reflect the actual number of hours worked by Plaintiffs;

2.    Whether and to what extent Defendants have failed to pay Plaintiffs their wages;

**3.    LEGAL ISSUES**

Plaintiffs assert that Defendants failed to pay them overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiffs also allege that Defendants field to pay them the prevailing wage in violation of California Labor Code §§ 1194(a) and 1815.  Plaintiffs further alleges that Defendants failed to provide adequate paystubs and submitted false certified

{Client Files\31391\1\00090132.DOC}

**CASE MANAGEMENT STATEMENT**
Dunlap, et al. v Tubular Flow Inc., et al.

payroll records in violation of California Labor Code § 226, § 1174 and § 1176.  Plaintiff further alleges that Defendants failed to pay their wages upon termination in violation of California Labor Code § 201.  Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200.

**4.     MOTIONS**

Plaintiffs anticipate the filing of the following motions:

(a)     Plaintiffs' motion for summary judgment or summary adjudication;

(b)     Plaintiffs' Motion for Attorney's Fees.

**5.     AMENDMENT OF PLEADINGS**

Plaintiffs do not anticipate the need to amend Complaint.

**6.     EVIDENCE PRESERVATION**

Defendants have been notified of the need to preserve all evidence, including the electronically stored evidence, and have taken steps to do so.

**7.     DISCLOSURES**

Parties agree to serve their respective initial disclosures no later than May 28, 2008.

**8.     DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.     CLASS ACTIONS**

N/A

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiffs have payroll information and time cards from Defendants concerning each Plaintiff, and are in the process of analyzing the documents to ascertain the amount of damages.

**12.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Both parties consent to proceed before a magistrate judge for all purpose, including a trial.

**13.    OTHER REFERENCES**

Parties do not believe this case is suitable for a binding arbitration and will not agree to any other reference.

**14.    NARROWING OF ISSUES**

N/A

**15.    EXPEDITED SCHEDULE**

N/A

**16.    SCHEDULING**

Parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)    Fact discovery cutoff on February 28, 2009;

(b)    Expert reports March 31, 2009;

(c)    Expert rebuttal reports April 30, 2009;

(d)    Expert Discovery Cutoff May 31, 2009;

(e)    Last day of hearing on dispositive motion on June 17, 2009;

(f)    Trial starts July 20, 2009

(g)    The parties agree to meet and confer concerning any modifications to this plan.

**17.    TRIAL**

Both parties have requested a jury trial. The expected length of trial is 7 court days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have no person to disclose other than themselves.

Plaintiffs have sued Jeffrey Rodriguez personally and have alleged that Mr. Rodriguez is the alter-ego of Tubular Flow. Given Mr. Rodriguez's potential personal liability, Mr.

Rodriguez's wife, Regina, is an interested person given her community property interest in the business.

**19.    OTHER MATTERS**

N/A.

DATED:  May 21, 2008                    By: /s/ Adam Wang
                                                              ADAM WANG
                                                              Attorneys for Plaintiff


DATED:  May 21, 2008                    By: /s/ Paul Simpson                              .
                                                              Paul Simpson
                                                              Attorney for Defendants

{Client Files\31391\1\00090132.DOC}

5                                                                 **C08-00849 RS**

**CASE MANAGEMENT STATEMENT**
Dunlap, et al. v Tubular Flow Inc., et al.